**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL SATTARI,

              Plaintiff - Appellant,

  v.

CITIMORTGAGE, INC.,

              Defendant - Appellee.

No. 11-15763

D.C. No. 2:09-cv-00769-RLH-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Roger L. Hunt, District Judge, Presiding

Submitted February 21, 2012[**]

Before:    FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

    Michael Sattari appeals pro se from the district court's summary judgment in

his diversity action alleging fraud and deceptive trade practices under Nevada law.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Universal*

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Sattari's claims for fraud and deceptive trade practices because Sattari failed to raise a genuine dispute of material fact as to whether CitiMortgage made any false representation that he justifiably relied on. *See* Nev. Rev. Stat. § 598.0915(15) (consumer fraud under Nevada's Deceptive Trade Practices Act encompasses deceptive practices, including knowingly making a "false representation in a transaction"); *id*. § 598.0917; *Villiarimo v. Aloha Island Air, Inc*., 281 F.3d 1054, 1061 (9th Cir. 2002) (uncorroborated and self-serving testimony does not raise a genuine dispute of fact); *J.A. Jones Constr. Co. v. Lehrer McGovern Bovis, Inc*., 89 P.3d 1009, 1018 (Nev. 2004) (per curiam) (elements of fraud claim).

The district court did not abuse its discretion by denying in part Sattari's counter-motion to compel. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) ("A district court is vested with broad discretion to permit or deny discovery. . . .").

Sattari's remaining contentions are unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on

2

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**